# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. STACY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil No. 09-3425-CV-S-RED |
| | ) | Crim. No. 05-379-01-CR-S-RED |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is the government's Motion to Dismiss Movant's § 2255 Motion (Doc. 4). Upon careful consideration, the Court **GRANTS** the government's motion (Doc. 4). Movant Michael D. Stacy's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is hereby **DISMISSED**.

## BACKGROUND

Stacy moved under 28 U.S.C. § 2255 to have his sentence vacated, set aside, or corrected on November 5, 2009. In his motion, Stacy argues his trial counsel, Ian Lewis, rendered ineffective assistance by failing to file an appeal. This Court sentenced Stacy on December 15, 2006. Stacy did not file a direct appeal, making his sentence final on December 27, 2006. In his § 2255 motion, Stacy admits he waited two and a half years for the resolution of the appeal. Stacy claims he discovered no appeal was taken after a friend checked on its status.

This Court held an evidentiary hearing on March 15, 2010. At the hearing, Stacy testified on direct exam that he made several calls to the Federal Public Defender's office to talk with his attorney about his appeal, but was never able to reach his attorney and his attorney never returned his calls. On cross exam he acknowledged that he may have talked with his attorney on the phone.

Stacy's Federal Public Defender attorney testified and introduced phone records that established that Stacy talked with his attorney several times about the decision to appeal and that each time Stacy stated he did not desire to appeal. Based on this evidence adduced at the hearing, the Court finds that Stacy did in fact discuss an appeal with his attorney at the time of sentencing as well as during two phone calls after sentencing. During each of these conversations, Stacy told his attorney he did not want an appeal filed on his behalf.

## DISCUSSION

The government asserts Stacy's § 2255 motion is untimely under § 2255(f). Stacy maintains the motion was timely filed under § 2255(f)(4). § 2255(f) provides a one year period of limitation. As relevant to this case, Stacy's § 2255 motion would be time barred if Stacy could have, in the exercise of due diligence, discovered no appeal was taken more than a year prior to filing his § 2255 motion. 28 U.S.C. § 2255(f)(4) (2010). Stacy filed his § 2255 motion 34 months after his conviction became final, meaning Stacy's motion would be timely only if in the exercise of due diligence he would not have discovered no appeal was taken until more than 22 months after his conviction became final.

The United States Court of Appeals for the Eighth Circuit ruled on a similar issue in *Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008). A prisoner filed a § 2255 motion 15 months after his sentence became final, making the motion untimely under § 2255(f)(1).[1] *Id.* at 816. The prisoner argued § 2255(f)(4) applied because in the exercise of due diligence, he would not have discovered his counsel's failure to file a notice of appeal until more than three months after his

---

[1] 28 U.S.C. § 2255(f)(1) provides, "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of- (1) the date on which the judgment of conviction becomes final. . . ."

sentence became final. *Id*. The prisoner admitted he waited more than a year after his sentencing hearing to contact his attorney about the appeal. *Id*. at 815.

Based on the prisoner's admission, the district court dismissed the § 2255 motion as untimely without holding an evidentiary hearing.[2] *Id*. at 815, 816. The prisoner appealed, arguing the district court erred in not holding an evidentiary hearing. *Id*. at 817. The Eighth Circuit found no err. *Id*. at 819. The court opined § 2255(f)(4) required due or reasonable diligence and that a prisoner must "make reasonable efforts to discover the facts supporting his claims." *Id*. at 818. The court determined the district court did not abuse its discretion by not holding a hearing because a person in the prisoner's circumstances in the exercise of due diligence could have discovered the attorney's failure to appeal more than a year before filing the § 2255 motion. *Id*. at 819. The court reasoned the prisoner failed to exercise due diligence because he never unambiguously asked his attorney whether an appeal had been taken and he did not take prompt steps to determine whether an appeal had been filed. *Id*. at 818.

First of all, it was clearly established that Stacy told his attorney he did not desire to have an appeal filed on his behalf. Secondly, even if the Court assumes that the conversations about appeal did not occur, an assumption not supported by the facts, Stacy still did not exercise due diligence. By his own admission he waited more than two years before having a friend check to see if an appeal had been filed. For the reasons stated in *Anjulo-Lopez*, this is a failure to exercise due diligence.

## CONCLUSION

---

[2] The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

3

Finding § 2255(f)(4) does not apply, the Court **GRANTS** the government's motion (Doc. 4). Stacy's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is hereby **DISMISSED**.

**IT IS SO ORDERED**.

DATED: March 17, 2010  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT